IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jose Mauricio Bonilla Siciliano, | Case No. 4:11 CV 1211 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Assistant Warden Pugh, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Jose Mauricio Bonilla Siciliano filed this action for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner, who is in federal custody at the Northeast Ohio Correctional Center ("NEOCC"), names NEOCC Assistant Warden Pugh as Respondent. Petitioner alleges he was denied due process during a disciplinary hearing, and seeks the restoration of twenty-seven (27) days "Good Credit Time" ("GCT") forfeited as a disciplinary sanction. For the reasons set forth below, the Petition is denied.

### BACKGROUND

Petitioner challenges an Incident Report issued by NEOCC. Petitioner's Incident Report is not attached to his Petition. Instead, he provides two incident reports charging inmates Jose Cobrera and William Artenga-Giron with engaging in the same group demonstration at NEOCC on May 5, 2009. The report charged Petitioner with violating Code 212, "Engaged in, or Encouraged a Group Demonstration."

On May 20, 2009, the Disciplinary Hearing Officer ("DHO") found Petitioner in violation of Code 212. As a sanction, the DHO removed twenty-seven days GCT from Petitioner's sentence. Petitioner appealed the DHO's decision to the National Inmate Appeals Administrator, who denied his final appeal in November 2009.

Petitioner raises two grounds for relief. First, he alleges the DHO refused to allow him to call witnesses at his DHO hearing. Petitioner claims he wanted Mr. Moore, his staff representative, as a witness rather than a representative, but the DHO refused. According to Petitioner, Mr. Moore was present during the incident and his testimony would have served as "exculpatory evidence" (Doc. No. 1 at 4). Second, Petitioner argues the General Counsel Coordinator overlooked evidence and never addressed the fact DHO expunged the records of his three co-defendants.

### STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be taken as true and construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2003). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th

Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

**Due Process**

Under the Due Process Clause, inmates charged with disciplinary infractions are entitled to certain protections, including: (1) written notice of any charged violation; (2) disclosure of any evidence against them; (3) the right to confront and cross-examine witnesses (absent a finding of good cause for disallowing confrontation); (4) a neutral and detached hearing body; and (5) a written statement by the fact-finders as to evidence relied on and reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Once the DHO reaches a disciplinary decision, due process requirements are satisfied so long as "some evidence supports the decision." *Superintendent, Mass. Corr. Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985). This Court's review, therefore, is limited to determining whether the DHO's decision in Petitioner's case was supported by "some evidence." *Id.* (holding that to eliminate independent assessment of witness credibility or weighing of evidence by federal courts, the "some evidence" requirement is satisfied even with minimal evidence).

While Petitioner does not provide a copy of his Incident Report for review, other attachments suggest an evidentiary basis for the DHO's decision. For instance, the National Appeals Administrator held Petitioner's due process rights were read to him during his DHO hearing and Petitioner confirmed he understood (Doc. No. 1-1 at 5). While Petitioner was provided a Staff Representative for the hearing upon request, he declined to provide any documentary evidence and did not present any witnesses at the hearing (Doc. No. 1-1 at 5).

3

Further evidence supporting the DHO's decision comes from the NEOCC staff member who reported the incident. On the date of the incident, the staff member submitted a written statement of his observations, and stated Petitioner encouraged other inmates to refuse to report to the dining hall while "pacing" on the top tier of D7 (Doc. No. 1-1 at 5). According to the staff member, Petitioner waved his arms signaling other inmates to resist guards as they attempted to lockdown the hall. Basing the DHO's decision on the greater weight of evidence detailed in the Report, the DHO found Petitioner committed the prohibited act (Doc. No. 1-1 at 5).

Petitioner received adequate due process. Just because charges against other inmates were dropped does not suggest he did not commit a prohibited act. The record reflects the DHO explained Petitioner's rights, provided a staff representative, and considered the written statement of an eye witness. The disciplinary decision is supported by the record. *See Hill*, 472 U.S. at 455–56.

**Erroneous General Counsel Decision**

Petitioner next alleges the General Counsel overlooked evidence presented to him. According to Petitioner, this evidence included incident reports from two other inmates, which the DHO refused to consider during his hearing. Petitioner also challenges the staff eyewitness because in "none of the incident reports . . . [did] he overhear inmate so and so, say this or that, his only assertions were based on body language . . ." (Doc. 1 at 4). While this Court may provide habeas relief based on a challenge to a disciplinary hearing, such relief does not extend to an attack on the Federal Bureau of Prison's administrative review process. The habeas statute does not provide a cause of action for failure to adequately evaluate a prisoner's claim for relief.

4

**CONCLUSION**

For the foregoing reasons, this Petition is dismissed pursuant to Section 2243. Furthermore, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith. Petitioner's Motion to Proceed *in forma pauperis* (Doc. No. 2) is granted.

IT IS SO ORDERED.

                                                         s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

                                             December 9, 2011